UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN ALONSO and SAMUEL HOCKLESS, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA DEPARTMENT OF PARKS & RECREATION, et al., <br><br> Defendants.             / | 1:07-cv-00601 AWI NEW (TAG) <br><br> ORDER DENYING CAROLYN ALONSO'S REQUEST TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE <br> (Doc. 2) |

Plaintiffs Carolyn Alonso and Samuel Hockless, Sr., proceeding pro se, filed a complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. (Doc. 1). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

On April 19, 2007, Alonso filed a request to proceed in forma pauperis ("IFP"). (Doc. 2). Hockless, however, has not filed a similar request. (See generally Dkt. Sheet).

**DISCUSSION**

Title 28, Section 1915(a)(1) of the United States Code provides, in pertinent part:

> [A]ny court . . . may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

1

Dockets.Justia.com

1  28 U.S.C. § 1915(a)(1).

2      A civil litigant does not qualify for IFP status if, <u>inter</u> <u>alia</u>, the allegation of poverty is
3  untrue. 28 U.S.C. § 1915(e)(2). To satisfy the allegation of poverty, a litigant must show that he
4  or she "cannot because of his poverty pay or give security for the costs . . . and still be able to
5  provide himself and dependents 'with the necessities of life.'" <u>Adkins v. E.I. DuPont de</u>
6  <u>Nemours & Co.</u>, 335 U.S. 331, 339 (1948) (quotations and citations omitted); <u>see</u> <u>also</u> <u>Martinez</u>
7  <u>v. Kristi Kleaners, Inc.</u>, 362 F.3d 1305, 1307 (11th Cir. 2004) (affidavit is sufficient if it
8  represents that the litigant is "unable to pay for the court fees and costs, and to provide
9  necessities for himself and his dependents") (citing <u>Adkins</u>, 335 U.S. at 339, 69 S.Ct. at 89);
10 <u>Alfaro v. Sacramento Police Dep't.</u>, 2007 WL 114266 at *1 (E.D. Cal. 2007) (findings and
11 recommendations, adopted by the district court on February 20, 2007 (case no. 2:06-cv-2855)
12 stating that "[a]n *in forma pauperis* applicant must demonstrate that . . . he cannot meet court
13 costs and still provide himself and his dependents with the necessities of life." (emphasis in
14 original)).

15     The filing fee for the instant district court action is $350. 28 U.S.C. § 1914(a). Although
16 Alonso declares that she has no income or assets with which to support herself and her daughter,
17 the Court lacks sufficient knowledge regarding Hockless's financial situation to ascertain
18 whether he can pay the filing fee. Accordingly, Alonso's request to proceed IFP is denied
19 without prejudice. Upon receipt of a completed application to proceed IFP from Hockless, this
20 Court will re-evaluate whether the Plaintiffs may proceed in forma pauperis. Alternatively,
21 Plaintiffs may elect to pay the $350 filing fee.

22     IT IS HEREBY ORDERED that:

23     1. Alonso's request to proceed IFP (Doc. 2) is DENIED without prejudice;

24     2. Hockless is ORDERED to submit an application to proceed IFP or, alternatively, to
25 pay the $350 filing fee, within twenty (20) days; and

26 ///

27

3.  The Clerk is DIRECTED to forward an application to proceed IFP (non-prisoner) to Hockless.

**PLAINTIFFS ARE ADVISED THAT FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THEIR CASE BE DISMISSED.**

IT IS SO ORDERED.

Dated:   **April 26, 2007**                                                  **/s/ Theresa A. Goldner**
                                                                          UNITED STATES MAGISTRATE JUDGE